UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DORIS V. WALKER, HEIR TO QUEEN LILIUOKALANI, QUEEN OF HAWAIIAN ISLANDS;<br><br>       Plaintiff,<br><br>   vs.<br><br>UNITED STATES,  LAND USE COMMISSION, THE,  DEPARTMENT OF ROYAL CROWN LANDS,  DOD,  STATE OF HAWAII LEGISLATURE, UNDISCLOSED;<br><br>       Defendants. | CIV. NO. 23-00502 LEK-RT |

**ORDER DISMISSING, WITH PREJUDICE, PLAINTIFF'S
AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DENYING AS MOOT PLAINTIFF'S APPLICATIONS TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On November 30, 2023, pro se Plaintiff Doris V. Walker ("Walker") filed a "Federal Notice Complaint for Tort to Land Taking Claim 5th Amendment Civil Rights Violations" ("Complaint"), and Walker filed an Application to Proceed in District Court Without Prepaying Fees or Costs on December 5, 2023 ("12/5/23 Application"). [Dkt. nos. 1, 4.] On December 12, 2023, Walker filed an "Amended Complaint for Civil Rights Violations" ("Amended Complaint"). [Dkt. no. 6.] Walker also filed exhibits in support of the Amended Complaint on December 21, 2023 and February 21, 2024. [Dkt. nos. 9, 10, 13.] Walker filed another Walker filed another Application to Proceed

in District Court Without Prepaying Fees or Costs on April 19, 2024 ("4/19/24 Application").[1] [Dkt. no. 17.] For the reasons set forth below, the Amended Complaint is hereby dismissed with prejudice and the Applications are denied as moot. In other words, Walker has no claims remaining in this case, and Walker will not be allowed to file a second amended complaint to try to cure the defects in the Amended Complaint that are identified in this Order. However, Walker is permitted to file some of the claims that she asserted in the Amended Complaint in a new case.

## BACKGROUND

Walker brings this action against the United States of America, the U.S. Department of Defense, the State of Hawai`i Legislature, the Land Use Commission, and the "Hawaii Department of Royal Crown Lands." [Amended Complaint at PageID.60.] Walker challenges the overthrow of "Hawaiian Sovereign Queen Lilioukapolani" and the illegal annexation of the Kingdom of Hawai`i. See, e.g., id. at PageID.62-64. Walker states "she is a relative and descendant of the Hawaiian Sovereign," and she attempts to bring claims on behalf of herself an others who suffered

> personal injury and civil rights violations due to the illegal annexation of Hawaii, the unauthorized unsanctioned use of force by Congress, and the illegal uncompensated taking of

---

[1] The 12/5/23 Application and the 4/19/24 Application will be referred to collectively as "the Applications."

2

> the Queens [sic] land and property by the United
> States Government by and through an all white
> provisional government, who would be identified
> as traitors under the US Constitution.

[Id. at PageID.68.]

The Amended Complaint asserts twenty-three counts. [Id. at PageID.80-87.] The counts appear to relate primarily to Walker's challenge to the overthrow and annexation. Those counts include, inter alia, "Count 1 Unauthorized Deployment of US Military As to the United States Congress," [id. at PageID.80,] Count 8, a taking claim,[2] [id. at PageID.81,] and "Count 12 Unauthorized or Illegal Amendment As to the So Called Provisional Government and Organic Act," [id. at PageID.81-82]. Some of Walker's counts, however, appear to be unrelated to her allegations regarding the overthrow and annexation. Those counts are: "Count 3 Illegal Internet Tracking [against] Unnamed Social Media Platforms"; [id. at PageID.80;] "Count 14 Defamation" and "Count 15 Libel/Slander" against AirBNB; [id. at PageID.82,] "Count 16 Identity theft [by] Persons to be identified, any persons using the credentials of Doris V Walker"; [id.;] and Count 18, a medical malpractice claim based on violations of the

---

[2] Count 8 does not identify the defendant or defendants against whom the claim is asserted. See Amended Complaint at PageID.81.

3

Health Insurance Portability and Accountability Act ("HIPAA"),[3] [id.].

Walker's Prayer for Relief includes, *inter alia*: "just compensation in the form of fair market value for the taking of Private Property"; [id. at PageID.90;] "compensation for familial separation as a result of the Illegal Hawaiian Annexation"; [id.;] and "a payment from the War Department for the waging of war on Hawaii during a time of peace and prosperity, and treaty under the Hawaiian Monarch," [id. at PageID.91].

### STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that

---

[3] Count 18 does not identify the defendant or defendants against whom the claim is asserted. See Amended Complaint at PageID.82.

4

> 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[4] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff

---

[4] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> could not prevail on complaint as alleged). . . . .
> "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

## DISCUSSION

### I.  Walker's Claims Based on the Overthrow and Annexation

The parties and factual allegations in Walker's Amended Complaint relate to her challenge to the overthrow and annexation of the Kingdom of Hawai`i. This Court turns first to the claims based upon that challenge.

> Under the political question doctrine, "[t]he conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative [branches] . . . and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." Corrie [v. Caterpillar, Inc.,] 503 F.3d [974,] 982 [(9th Cir. 2007)] (quoting Oetjen v. Cent. Leather Co., 246 U.S. 297, 302 (1918)); see also Koohi v. United States, 976 F.2d 1328, 1331 (9th Cir. 1992) ("The political question doctrine serves to prevent the federal courts from intruding unduly on certain policy choices and value judgments that are constitutionally committed to Congress

6

> or the executive branch."). The court does not lack jurisdiction, however, "merely because [a] decision may have significant political overtones." Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986). Indeed, it is "error to suppose that every case or controversy which touches foreign relations lies beyond judicial cognizance." Baker v. Carr, 369 U.S. 186, 211 (1962).
>
> The "classic" political question case, Luther v. Borden, 48 U.S. 1 (1849), addressed claims under the Guarantee Clause of the Constitution, where two rival governments disputed which was the lawful government of Rhode Island. See also Massachusetts v. Laird, 400 U.S. 886, 895 n.4 (1970) (discussing Luther). Luther held that "it rests with Congress," not the judiciary, "to decide what government is the established one in a State." 48 U.S. at 42. . . .

Aupuni O Hawai`i v. Trump, CIV. NO. 19-00597 LEK-RT, 2020 WL 7409591, at *2-3 (D. Hawai`i Dec. 17, 2020) (alterations in Aupuni O Hawai`i) (some citations omitted). Similarly, with respect to a challenge to the legality of the overthrow of the Kingdom of Hawai`i, this Court has stated:

> Plaintiff's claims raise nonjusticiable political questions because they involve matters that have been constitutionally committed to Congress. Under Article IV, Section 3 of the Constitution, "[n]ew States may be admitted by the Congress into this Union[.]" U.S. Const. art. IV, § 3. By an act of Congress, Hawaii was admitted to the Union in 1959. This court, therefore, lacks jurisdiction to decide any issue regarding the legality of Hawaii's statehood including the lawfulness of events leading to statehood. Thus, as to Plaintiff's claim challenging the lawfulness of the overthrow of the Kingdom of Hawaii in 1893, the Intermediate Court of Appeals for the State of Hawaii aptly stated, "Whatever may be said regarding the

7

> lawfulness of the Provisional Government in 1893, the Republic of Hawaii in 1894, and the Territory of Hawaii in 1898, the State of Hawaii . . . is now, a lawful government." State v. Fergerstrom, 106 Hawai`i 43, 55, 101 P.3d 652, 664 (Haw. App. 2004).
>
> Adjudication of Plaintiff's claims would essentially place this court in the shoes of Congress. . . .

Id. at *3 (alterations in Aupuni O Hawai`i) (some citations omitted).

Walker's claims in the Amended Complaint that are based upon the overthrow and annexation of the Kingdom of Hawai`i raise nonjusticiable political questions, and therefore this Court lacks jurisdiction over those claims. The claims based upon the overthrow and annexation – Counts 1, 2, 4 through 13, 17, 19, and 20 through 23 - must be dismissed because it is not possible for Walker to win relief on those claims. See Omar, 813 F.2d at 991. Further, because it is absolutely clear that Walker cannot cure the defect in those claims by amendment, the dismissal is with prejudice. See Lucas, 66 F.3d at 248.

## II. **Claims that Are Unrelated to the Overthrow and Annexation**

Counts 3, 14, 15, 16, and 18 are unrelated to Walker's challenge to the overthrow and annexation. Therefore, the nonjusticiable political question analysis does not apply to those counts. However, for other reasons, Walker cannot prevail on those counts as they are alleged in the Amended Complaint.

8

See Baker, 916 F.2d at 727. Counts 3, 14, 15, 16, and 18 fail to state a claim for relief because the Amended Complaint does not identify the defendants against whom Walker asserts those claims, nor does the Amended Complaint include the factual allegations that form the basis for those claims. See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)). Counts 3, 14, 15, 16, and 18 are therefore dismissed.

      Because it may be possible for Walker to amend those counts to state plausible claims, she must be given the opportunity to amend. However, because those counts appear to be based upon incidents that are completely unrelated to the overthrow and annexation of the Kingdom of Hawai`i, this Court concludes that, if Walker wishes to amend the claims that she attempted to assert in Counts 3, 14, 15, 16, and 18, she must do so in a separate case. The dismissal of Counts 3, 14, 15, 16, and 18 is with prejudice in **this case**, but without prejudice to the filing of **a new case** asserting the claims that she attempted to assert in Counts 3, 14, 15, 16, and 18 of the Amended

Complaint. In other words, Walker is not permitted to file a second amended complaint in this case to try to cure the defects in Counts 3, 14, 15, 16, and 18 of the Amended Complaint. If she wishes to pursue those claims, she must initiate a new case by filing a complaint that asserts one or more of the following claims: her illegal internet tracking claim; defamation against AirBNB; libel/slander against AirBNB; identity theft; and medical malpractice.

## CONCLUSION

For the foregoing reasons, Walker's Amended Complaint for Civil Rights Violations, filed December 12, 2023, is HEREBY DISMISSED WITH PREJUDICE. The dismissal of Counts 3, 14, 15, 16, and 18 of the Amended Complaint is WITHOUT PREJUDICE to the filing of a new case asserting those claims. In light of these rulings, it is unnecessary for this Court to rule on either Walker's Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 4, 2023, or Walker's Application to Proceed in District Court Without Prepaying Fees or Costs, filed April 19, 2024. The Applications are therefore DENIED AS MOOT. If Walker files a new case to pursue the claims that she attempted to assert in Counts 3, 14, 15, 16, and 18 of the Amended Complaint, she must file a new application with her new complaint.

Case 1:23-cv-00502-LEK-RT   Document 20   Filed 05/01/24   Page 11 of 11   PageID.143

There being no remaining claims in this case, the Clerk's Office is DIRECTED to close this case on **May 16, 2024,** unless Walker files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 1, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DORIS WALKER, ETC. VS. UNITED STATES, ET AL; CV 23-00502 LEK-RT; ORDER DISMISSING, WITH PREJUDICE, PLAINTIFF'S AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DENYING AS MOOT PLAINTIFF'S APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**