UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DORIS V. WALKER, HEIR TO QUEEN LILIUOKALANI, QUEEN OF HAWAIIAN ISLANDS;<br><br>             Plaintiff,<br><br>    vs.<br><br>UNITED STATES, LAND USE COMMISSION, THE, DEPARTMENT OF ROYAL CROWN LANDS, DOD, STATE OF HAWAII LEGISLATURE, UNDISCLOSED;<br><br>             Defendants. | CIV. NO. 23-00502 LEK-RT |

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Pro se Plaintiff Doris V. Walker ("Walker") filed this action on November 30, 2023. [Federal Notice Complaint for Tort to Land Taking Claim 5th Amendment Civil Rights Violations, filed 11/30/23 (dkt. no. 1) ("Complaint").] Walker filed an Amended Complaint for Civil Rights Violations on December 12, 2023 ("Amended Complaint"). [Dkt. no. 6.] Walker filed an Application to Proceed in District Court Without Prepaying Fees or Costs on December 5, 2023 ("12/5/23 Application") and another application on April 19, 2024 ("4/19/24 Application"). [Dkt. nos. 4, 17.] On May 1, 2024, this Court issued an order dismissing the Amended Complaint with prejudice and denying the applications as moot. [Order Dismissing, with Prejudice,

Plaintiff's Amended Complaint for Civil Rights Violations and Denying as Moot Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs, filed 5/1/24 (dkt. no. 20) ("5/1 Order").[1]] Final judgment was entered on May 16, 2024. [Judgment in a Civil Case, filed 5/16/24 (dkt. no. 21) ("Judgment").]

Walker filed two notices of appeal on October 30, 2024. [Dkt. nos. 22, 23.] On November 1, 2024, Walker filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [Dkt. no. 26.] Walker's November 1, 2024 filing is liberally construed as a motion to proceed *in forma pauperis* on appeal ("Motion"). The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Walker's Motion is denied for the reasons set forth below.

## DISCUSSION

A party who wishes to proceed *in forma pauperis* on appeal must file a motion in the district court. See Fed. R. App. P. 24(a)(1).

The party must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's

---

[1] The 5/1 Order is also available at 2024 WL 1908258.

>           inability to pay or to give security for
>           fees and costs;
>
>     (B)   claims an entitlement to redress; and
>
>     (C)   states the issues that the party
>           intends to present on appeal.

Id. Walker's Motion was submitted on the AO 240 form, which does not contain all of the information that the Appellate Rules of Civil Procedure Form 4 affidavit requires. See, e.g., United States v. Masuisui, Case No. 14-cr-00173-DKW-1, 2024 WL 1719943, at *1 (D. Hawai`i Apr. 22, 2024) (distinguishing between the AO 240 form and Form 4). Because the Motion does not comply with Federal Rule of Appellate Procedure 24(a)(1), the Motion could be denied on that basis alone.

However, even if Walker had complied with Rule 24(a)(1), this Court would still deny Walker leave to proceed *in forma pauperis* on appeal because the appeal would be frivolous. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> This is an "easily met test" as "[t]he good faith
> requirement is satisfied if the petitioner seeks
> review of any issue that is not frivolous."
> Gardner v. Pogue, 558 F.2d 548, 550-51 (9th Cir.
> 1977) (quotation marks and citations omitted). An
> issue may be deemed frivolous, however, "where it
> lacks an arguable basis either in law or in

3

> fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]

<u>Masuisui</u>, 2024 WL 1719943, at *1 (alteration in <u>Masuisui</u>).

First, Walker's appeal is untimely. Because the United States was one of the defendants in this action, the deadline for Walker to file her notice of appeal was sixty days after the filing of the Judgment. <u>See</u> Fed. R. App. P. 4(a)(1)(B)(i).[3] A

---

[2] <u>Neitzke</u> was superseded on other grounds by Title 28 United States Code Section 1915(e). <u>See, e.g.</u>, <u>Hernandez v. Cnty. of Benton</u>, No. 2:23-CV-00223-SAB, 2023 WL 7140511, at *1 (E.D. Wash. Sept. 21, 2023), *appeal dismissed*, No. 23-3000, 2023 WL 11115534 (9th Cir. Dec. 5, 2023).

[3] Federal Rule of Appellate Procedure 4(a)(1)(A)-(B) states:

> (a) Appeal in a Civil Case.
> (1) Time for Filing a Notice of Appeal.
> (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.
> (B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:
> (i)   the United States;
> (ii)  a United States agency;
> (iii) a United States officer or employee sued in an official capacity; or
> (iv)  a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf--including all instances in which
> (. . . continued)

district court may grant an extension of time to file a notice of appeal, but the appealing party must move for the extension "no later than 30 days after the time prescribed by this Rule 4(a) expires," and the party must "show[] excusable neglect or good cause." Rule 4(a)(5)(A). However, the extension can be no longer than thirty days after the original deadline and no longer than fourteen days after the filing of the order granting the extension, whichever is later. See Rule 4(a)(5)(C). Thus,

> neither the District Court nor the Court of Appeals has any power to permit an appeal to proceed once the consecutive thirty-day periods specified in Rule 4(a), Fed. R. App. P., have elapsed without the appellant's having filed a notice of appeal, a motion to extend the time for filing such a notice, or a motion tolling Rule 4(a).

Felix v. Cardwell, 545 F.2d 92, 93 (9th Cir. 1976) (per curiam).

After the Judgment was entered on May 16, 2024, Walker had until July 15, 2024 to file a notice of appeal. Until thirty days after the original deadline, *i.e.*, until August 14, 2024, Walker could have filed a motion seeking an extension of the filing deadline. Because Walker did not file a notice of appeal, a motion for an extension, or a motion tolling the Rule 4(a)

---

the United States represents that person when the judgment or order is entered or files the appeal for that person.

period by August 14, 2024, this Court does not have the power to permit her appeal to proceed.

      Even apart from the issue of timeliness, this Court would still conclude that Walker's appeal is frivolous. In the 5/1 Order, Counts 1, 2, 4 through 13, 17, 19, and 20 through 23 of the Amended Complaint were dismissed with prejudice because they were based upon the overthrow and annexation of the Kingdom of Hawai`i, and this Court lacked jurisdiction over those claims because they raised nonjusticiable political questions. [5/1 Order at 8.] Counts 3, 14, 15, 16, and 18 of the Amended Complaint were dismissed for failure to state a claim. The dismissal of those claims was without prejudice to the amendment of the claims in a new case because they appeared to be completely unrelated to Walker's claims based upon the overthrow and annexation of the Kingdom of Hawai`i. [Id. at 8-9.] There is no arguable basis in law or fact that would alter this Court's analysis of Walker's claims based upon the overthrow and annexation of the Kingdom of Hawai`i, nor is there an arguable basis in law or fact that would support Walker's apparent position that Counts 3, 14, 15, 16, and 18 should not have been dismissed. This Court therefore finds that Walker's appeal from the Judgment is frivolous, and this Court certifies that the appeal is not taken in good faith. See Neitzke, 490 U.S. at 325. Walker's Motion is therefore denied for this additional reason.

Although this Court has denied Walker's Motion, Walker may file a similar motion to proceed *in forma pauperis* on appeal to be considered by the Ninth Circuit. Federal Rule of Appellate Procedure 24(a)(4)-(5) states:

> (4)  Notice of District Court's Denial. The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
>
> >    (A)  denies a motion to proceed on appeal in forma pauperis;
> >
> >    (B)  certifies that the appeal is not taken in good faith; or
> >
> >    (C)  finds that the party is not otherwise entitled to proceed in forma pauperis.
>
> (5)  Motion in the Court of Appeals. A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Because Walker did not include the Federal Rule of Appellate Procedure Form 4 affidavit with the Motion, Walker must include a completed Form 4 affidavit if she files a motion to proceed *in forma pauperis* with the Ninth Circuit. The form is available on the Ninth Circuit's website, https://www.ca9.uscourts.gov/forms/.

**CONCLUSION**

For the foregoing reasons, Walker's Application to Proceed in District Court Without Prepaying Fees or Costs, filed November 1, 2024, which is liberally construed as a motion to proceed *in forma pauperis* on appeal, is HEREBY DENIED. The Clerk's Office is DIRECTED to serve a copy of this Order on the Clerk's Office for the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 7, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**DORIS V. WALKER, ETC. VS. UNITED STATES, ET AL; CV 23-00502 LEK-RT; ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**